IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    v.<br><br>NORTH DAKOTA DEVELOPMENTS, LLC,<br>ROBERT L. GAVIN, and<br>DANIEL J. HOGAN,<br><br>    Defendants,<br><br>and<br><br>NORTH DAKOTA DEVELOPMENTS<br>PROPERTY MANAGEMENT LLC,<br>GREAT AMERICAN LODGE LLC,<br>NDD HOLDINGS 1 LLC,<br>NDD HOLDINGS 2 LLC,<br>NDD MODULAR LLC,<br>AUGUSTA EXPLORATION, LLC, and<br>AMES ENGINEERING & DEVELOPMENT<br>SERVICES LLC,<br><br>    Relief Defendants. | **ORDER DENYING TIMOTHY C.<br>EVANSON, JON C. EVANSON,<br>AND DANIEL G. EVANSON'S<br>MOTION TO INTERVENE AND<br>RELIEF FROM ASSET FREEZE**<br><br><br><br><br>Case No. 4:15-cv-053 |

Before the Court is "Timothy C. Evanson, Jon C. Evanson, and Daniel G. Evanson's[1] Motion to Intervene and Lift Injunction Order" filed on July 21, 2017. See Docket No. 139. On July 28, 2017, the Receiver in this case filed a response in opposition to the motion. See Docket No. 141. The United States Securities and Exchange Commission ("SEC") also filed a response in opposition to the motion on August 1, 2017. See Docket No. 142. For the reasons

---

[1] Timothy C. Evanson, Jon C. Evanson, and Daniel G. Evanson will be collectively referred to as "Evansons."

set forth below, the Evansons' motion to intervene and request to lift the preliminary injunction in this matter is denied.

I.  **BACKGROUND**

The SEC commenced this action on May 5, 2015. In its complaint, the SEC alleged North Dakota Developments, LLC, Robert Gavin, and Daniel Hogan engaged in a fraudulent scheme in violation of the anti-fraud and registration provisions of the federal securities statutes. See Docket No. 1. Specifically, the SEC alleged the Defendants made misrepresentations to investors, misappropriated invested funds, and made, and were continuing to make, Ponzi-like payments.

The SEC filed a motion for a temporary restraining order the same day it filed its complaint against the Defendants. See Docket No. 3. In support of its motion for a temporary restraining order, the SEC contended the fraud was ongoing and, consequently, additional investors would be defrauded if emergency relief was not granted. The Court granted the SEC's motion for a temporary restraining order. See Docket No. 5. On May 18, 2015, the Court converted the temporary restraining order to a preliminary injunction and appointed a receiver to take control of the assets of North Dakota Developments and the Relief Defendants. See Docket No. 20. The preliminary injunction enjoins the Defendants from further violations of specific statutes and from soliciting or accepting further investments.

According to their motion, the Evansons appear to have entered into a lease agreement[2] with North Dakota Developments to construct temporary housing on the Evansons' property in

---

[2] The Evansons did not submit any affidavit or other documentation evidencing the lease agreement entered into by them and North Dakota Developments.

2

McKenzie County, North Dakota.  See Docket No. 139-1, p. 2.  The monthly rent due to Evansons pursuant to the lease agreement was $26,530.00.  Id.  North Dakota Developments appears to have breached the lease agreement when a lien was filed against Evansons' property in April 2015.  Id. at 3.  The Evansons seek to intervene in this action to pursue collection of two security deposits in the amount of $20,000 and $22,000, to pursue collection of property taxes due in the amount of $5,349.76, and to pursue collection of back and future rents due under the lease in the amount of $2,228,520.00 plus interest at the rate of 10% per annum.

In their motion, the Evansons contend the court-appointed Receiver in this case declines to release the security deposits, to pay back rent and future rent, and to reimburse the Evansons for property taxes.  The Evansons assert that the preliminary injunction injures the Evansons with no corresponding benefit to the receivership.  See Docket No. 139-1, p. 6.  Specifically, the Evansons claim the security deposits as their collateral, and the receivership has no interest in those funds.  Consequently, the Evansons seek to intervene in this action to protect its ability to obtain satisfaction of their claims against North Dakota Developments.  The Evansons also request the Court lift the preliminary injunction so that the Evansons can pursue collection actions against North Dakota Developments.

## II. **LEGAL DISCUSSION**

### A. **INTERVENTION**

Rule 24 of the Federal Rules of Civil Procedure governs intervention by third parties. The Evansons seek to intervene in this case as a matter of right pursuant to Rule 24(a).  The SEC and the Receiver contend intervention is unwarranted because the Evansons have failed to satisfy the requirements of Rule 24.

Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as a matter of right by an interested third party who:

> (1) is given an unconditional right to intervene by a federal statute; or
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). The Eighth Circuit requires that an application for intervention must satisfy the following tripartite test in order to intervene pursuant to Rule 24(a)(2): "1) the party must have a recognized interest in the subject matter of the litigation; 2) that interest must be one that might be impaired by the disposition of the litigation; and 3) the interest must not be adequately protected by the existing parties." United States v. Union Elec. Co., 64 F.3d 1152, 1160-61 (8th Cir. 1995). A recognized interest is one that is direct, substantial, and legally protectable. Id. at 1161. An economic interest in the outcome of the litigation is not itself sufficient to satisfy Rule 24(a)(2). Med. Liab. Mut. Ins. Co. v. Alan Curtis LLC, 485 F.3d 1006, 1008 (8th Cir. 2007). An interest that is contingent upon the occurrence of a sequence of events is also not sufficient to satisfy Rule 24(a)(2). Id.

In their motion, the Evansons argue they are entitled to intervene pursuant to Rule 24(a) because the Evansons have a vested right to the escrow funds and the right to pursue all legal remedies available to them for breach of the lease agreement. The SEC and the Receiver contend the Evansons have failed to demonstrate a direct interest in this action. While the Evansons may be entitled to damages for breach of a lease agreement, any interest the Evansons have in protecting their claim to such damages does not rise to an interest in the subject matter of this litigation.

The Evansons also fail to demonstrate how any interest they may have in the action might be impaired by the disposition of this action. In its order appointing the Receiver, the Court requires the Receiver to identify creditors with an interest in the Receivership Estate and prepare a plan for the administration of the Receivership Estate. See Docket No. 20, p. 7. Without question, through the Receiver's administration of the Receivership Estate, with oversight by the Court, the Evansons claim will be fully considered and be treated in accordance with their status as potential claimants. For these reasons, the Court denies the Evansons's request to intervene as matter of right pursuant to Rule 24(a).

The Court similarly declines to permit the Evansons to intervene pursuant to Rule 24(b). Rule 24(b) provides that a court may permit a third-party to intervene who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The Court must give consideration to any delay or prejudice that would be caused by granting permissive intervention. Fed. R. Civ. P. 24(b)(3). The Evansons failed to demonstrate any common claims or defenses exist.[3]

As a practical matter, it makes little sense to allow an individual claimant to intervene as a party in this action. According to the complaint, the Defendants fraudulently raised over $62 million from hundreds of investors in various states in the United States and foreign countries. See Docket No. 1, p. 1. Under these circumstances, it would not be efficient or effective to permit individual claimants to intervene as parties. Accordingly, the Court will not permit the Evansons to permissively intervene in this action.

---

[3] In their motion, the Evansons do not seek intervention pursuant to Federal Rule of Civil Procedure 24(b). Nonetheless, the Court *sua sponte* addresses whether the Evansons may intervene under Rule 24(b).

## B. PRELIMINARY INJUNCTION

The Court next considers the Evansons' request for relief from the preliminary injunction issued in this case. Although the Court does not permit the Evansons to intervene in the case, the Court will address their request for relief from the preliminary injunction as the Court's order granting the SEC's motion for a preliminary injunction permits a non-party to seek leave from the order upon a proper showing. See Docket No. 20, p. 5. In their motion, the Evansons request the Court lift the preliminary injunction so the Evansons can access the security deposits held in escrow and seek collection of monies due to them. The SEC and the Receiver oppose the Evansons' request for relief from the preliminary injunction.

The Eighth Circuit Court of Appeals has not yet established the factors to be considered in a motion for relief from an injunction or asset freeze in a case brought by the SEC. However, many courts look to the factors outlined by the Ninth Circuit Court of Appeals in *SEC v. Wencke*, 742 F.2d 1230 (9th Cir. 1984).[4] In *Wencke*, the Ninth Circuit discussed three factors a court should consider in deciding whether to lift a blanket stay, such as the preliminary injunction in this case:

> (1) whether refusing to lift the stay genuinely preserves the status quo or whether the moving party will suffer substantial injury if not permitted to proceed; (2) the time in the course of the receivership at which the motion for relief from the stay is made; and (3) the merit of the moving party's underlying claim.

Wencke, 742 F.2d at 1231.

After giving careful consideration to the above factors, and in the broad exercise of its discretion, the Court finds that lifting the preliminary injunction at this stage to allow the

---

[4] District courts within the Eighth Circuit, including this Court, have looked to the factors outlined in *Wencke* to determine whether relief from an injunction or asset freeze is warranted. See Docket Nos. 92, 93, and 117. See e.g. United States v. Petters, No. 08-5348, 2015 WL 5333806, at *5 (D. Minn. Sept. 14, 2015).

Evansons to pursue collection actions against North Dakota Developments is neither warranted nor appropriate. Maintaining the preliminary injunction preserves the status quo and Evansons will not suffer substantial injury if they are not permitted to pursue collection of back and future rents, property taxes, and security deposits at this time. Specifically, the Court notes it has directed the Receiver to establish a plan for the administration of the Receivership Estate. See Docket No. 20, p. 7. When the Court, with assistance from the Receiver, ultimately distributes assets among investors and creditors, the Evansons can certainly claim their interest in the security deposits, and they can request payment for back and future rent as well as property taxes. Permitting the Evansons to pursue any action to collect funds at this stage would result in a piecemeal distribution of assets, which the Court disfavors in this type of action.

### III. CONCLUSION

For the reasons set forth above, the Evansons motion to intervene and for relief from asset freeze (Docket No. 139) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 22nd day of August, 2017.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court