# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NORTH DAKOTA

# NORTHWESTERN DIVISION

| | |
|---|---|
| United States Securities and Exchange Commission, | Court File No. 4:15-cv-053 |
| Plaintiff, | |
| vs. | |
| North Dakota Developments, LLC, Robert L. Gavin, and Daniel Hogan, | **FIFTH STATUS UPDATE OF RECEIVER GARY HANSEN** |
| Defendants, | |
| and | |
| North Dakota Developments Property Management LLC, Great American Lodge LLC, NDD Holdings 1 LLC, NDD Holdings 2 LLC, NDD Modular LLC, Augusta Exploration, LLC, and Ames Engineering & Development Services LLC, | |
| Relief Defendants. | |

Receiver Gary Hansen (the "Receiver") was appointed on May 18, 2015 pursuant to the Court's Order Granting Plaintiff's Motion for Preliminary Injunction and Appointment of Receiver, Asset Freeze, and other Equitable Relief [Dkt. No. 20] ("Receiver Order"). This Fifth Status Update provides an update of the receivership activities since the Receiver's Fourth Interim Fee Application for Professional Fees and Expenses of Receiver Gary Hansen ("Fourth Fee Application") [Dkt. No. 167].

88249712.2

A. **Status Update**

Since his appointment, the Receiver has extensively investigated the available assets of the receivership entities.  The identified assets are far less than the approximately $60 million contributed by investors.  The Receiver has also spent significant time communicating with creditors of North Dakota Developments, LLC ("NDD") and the other receivership entities, as well as the defrauded investors in NDD.  Although the Receiver was able to negotiate settlements with certain creditors resulting in additional moneys being brought into the receivership, most of these efforts did not necessarily generate funds for the receivership.  Nonetheless, the Receiver viewed his communications with creditors and investors as important services to be provided as part of the receivership.

The Receiver has reached an agreement, subject to Court approval, to sell the receivership property located in Parshall, North Dakota.  This is the primary remaining asset that needs to be liquidated.  The Receiver will be filing a motion requesting the Court authorize and confirm the sale in the near future.

The Receiver timely filed a creditor claim in the bankruptcy matter of Daniel John Hogan, venued in the United Kingdom.  The Receiver's claim was valued at a minimum of over $1.5 million USD.  According to the Joint Trustees' Annual Progress Report to Creditors, issued on June 24, 2021, the joint trustees handling the bankruptcy matter have only been able to identify limited assets of the debtor, and the value of those assets is substantially less than the amount of creditor claims.  Nonetheless, the Receiver does expect to receive some funds, *albeit* only a fraction of the claim, from the Hogan bankruptcy matter.

At the time of the last status update, the Receiver was involved in one on-going piece of litigation, the *Epic Engineering* matter.  Prior to the establishment of the receivership, the septic

2

system at the Great American Lodge – Watford West site failed.  The Receiver retained North Dakota counsel on a contingency fee to pursue claims against the contractors involved with construction of the septic system.  The case, pending in McKenzie County, North Dakota, was trial ready, but it was unclear when the court would have an available trial date for a civil matter. The parties engaged in mediation and were able to reach a settlement.  After payment of attorney's fees and costs, the Receiver received a net payment of $73,232.37.  The case has now been dismissed.

As detailed in the Receiver's initial fee application, the Receiver previously sold the assets located on the Great American Lodge – Watford West property, with the purchase price being made in installment payments.  Full payment of the final installment, totaling $285,324.25 plus 6% interest, has not been made.  Instead, the purchaser has made partial payments totaling $225,000.00.  The Receiver has had numerous conversations with the purchaser regarding the unpaid balance.  While the purchaser previously agreed to pay the remaining balance, the remaining payment still has not been paid.  The Receiver continues to attempt to get the outstanding balance paid in full.

In addition, as part of the settlement agreement that was reached with the attorneys and escrow agent for NDD, Pearce & Durick,[1] the Receiver was entitled to any unclaimed funds from the distribution of that settlement to investors.  The Receiver received a payment of $13,477.62, representing the unclaimed funds.

Since the Fourth Fee Application, the Receiver received the following funds:

- $73,232.37 net payment from the settlement of the *Epic Engineering* lawsuit;
- $5,478.97 from the remaining balances in various Wells Fargo bank accounts held in the names of the receivership entities [Dkt. No. 173]
- $13,447.62 payment for unclaimed funds from the NDD Pearce Settlement Fund

---

[1] This settlement agreement was previously approved by the Court.  [*See* Dkt. No. 99.]

3

- $336.00 additional payment from Well Fargo for refunded bank account charges
- $723.75 representing a refund from McKenzie Electric Cooperative of various cooperative patronage capital accounts held in the name of the receivership entities

These deposits total $93,218.71.  As of the date of this filing, the receivership bank account has a balance of approximately $1,674,000.

The Receiver continues to compile creditor claims against the receivership entities. Exclusive of investor claims, the Receiver is currently aware of creditor claims totaling in excess of $2 million.  To date, the Receiver has not paid any creditor claims.  While finalizing the potential sale of the Parshall, ND property, the Receiver is preparing a proposed distribution plan to be submitted to the Court for its consideration.  This plan will include a process for notice to all known and unknown claimants and an opportunity for such claimants to be heard.  Although there are contingencies that could affect the Receivers' present plans, we hope to present that plan to the Court by December 6, 2021.

**B.      Outstanding Fees and Expenses**

Since the Court granted the Receiver's Fourth Fee Application [Dkt. No. 169] in March 2019, the receivership has incurred approximately $43,000 in outstanding fees and expenses. The Receiver will submit a separate fee application detailing those fees and expenses, in accordance with his prior submissions and the Receiver's agreement with the United States Securities and Exchange Commission.

In addition, the only expenses paid from the receivership account since the Receiver's last status update, aside from the Receiver's Court-approved professional fees and expenses, are property tax payments for the Parshall, ND property.

4

Dated:  October 29, 2021          **FOX ROTHSCHILD LLP**


By:   s/ Ranelle Leier
    Gary Hansen (MN #40617) admitted *pro hac vice*
    Ranelle Leier (MN #277587) admitted *pro hac vice*

Campbell Mithun Tower – Suite 2000
222 South Ninth Street
Minneapolis, Minnesota  55402-3338
Telephone:  (612) 607-7000
Fax Telephone:  (612) 607-7100
E-Mail: *ghansen@foxrothschild.com*
      *rleier@foxrothschild.com*


**RECEIVER AND ATTORNEY FOR RECEIVER FOR DEFENDANT NORTH DAKOTA DEVELOPMENTS, LLC AND RELIEF DEFENDANTS**

88249712.2