# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA
# NORTHWESTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) **ORDER GRANTING IN PART** |
| vs. | ) **AND DENYING IN PART**<br>) **MCKENZIE COUNTY'S**<br>) **MOTION FOR ORDER TO** |
| NORTH DAKOTA DEVELOPMENTS, LLC, ROBERT L. GAVIN, and DANIEL HOGAN, | ) **RECLAIM PROPERTY AND**<br>) **RELEASE ESCROW FUND**<br>) |
| Defendants, | )<br>) |
| and | )<br>) Case No. 4:15-cv-053 |
| NORTH DAKOTA DEVELOPMENTS PROPERTY MANAGEMENT LLC, GREAT AMERICAN LODGE LLC, NDD HOLDINGS 1 LLC, NDD HOLDINGS 2 LLC, NDD MODULAR LLC, AUGUSTA EXPLORATION, LLC, AND AMES ENGINEERING & DEVELOPMENT SERVICES LLC, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Relief Defendants. | )<br>) |

Before the Court is non-party McKenzie County's "Motion for Order to Reclaim Property and Release Escrow Fund" filed on February 4, 2022. See Doc. No. 186. The United States Security and Exchange Commission filed a response to the motion on February 18, 2022. See Doc. No. 191. The Receiver, Gary Hanson, similarly filed a response to the motion on February 18, 2022. See Doc. No. 192. For the reasons set forth below, the motion is granted in part and denied in part.

In the motion before the Court, McKenzie County, a governmental subdivision of the State of North Dakota, moves the Court for an order to "(1) reclaim the land in McKenzie County where North Dakota Developments, LLC has operated and (2) release funds from escrow toward the costs of such reclamation." See Doc. No. 186, p. 1. On September 7, 2016, McKenzie County and Gary Hansen, as Receiver for North Dakota Developments, LLC, entered into an Escrow Agreement in which McKenzie County received $157,148.48 ("Escrow Fund") in cash to hold in escrow in lieu of a reclamation bond for North Dakota Developments, LLC's development in McKenzie County. See Doc. No. 189-1. The landowners of the property on which North Dakota Developments, LLC previously operated now wish to reclaim the property. Both McKenzie County and the landowners wish the Escrow Fund be applied toward reclamation. Specifically, McKenzie County requests the Court (1) authorize McKenzie County and the landowner to restore the property and (2) release the Escrow Fund to pay for the reclamation as costs are paid, within the discretion of McKenzie County.

In response to the motion, the Receiver did not object to McKenzie County's request for the Court's authorization to reclaim the real property or the escrow funds being used as reimbursement for the costs of reclaiming the real property. However, the Receiver requests the Court order the reimbursement procedure be completed in accordance with the terms of the Escrow Agreement to "ensure that if any escrow funds are not required for reclamation, then the remaining funds will be distributed by the Receiver with the other Receivership funds in accordance with the asset distribution plan approved by the Court." See Doc. No. 192, p. 3.

The Court has reviewed the parties' briefs and the relevant case law. The Court **GRANTS** McKenzie County's request to reclaim the land in McKenzie County where North Dakota Developments, LLC operated. The Court authorizes McKenzie County to reclaim the land on

which North Dakota Developments, LLC operated. However, the Court **DENIES** McKenzie County's request to release the Escrow Fund to the extent McKenzie County seeks release of all the Escrow Fund directly to McKenzie County. Instead, the Court **ORDERS** the Escrow Fund be released to McKenzie County in accordance with the terms of the Escrow Agreement:

> If the County is required or authorized by the Receivership Court to undertake the restoration of the Property, the County may periodically submit to the Escrow Agent reimbursement notices for the funds expended to restore the Property to its natural state. Such notice shall include a description of the work performed. The Receiver shall have three (3) business days to object in writing to any such notice. The Escrow Agent shall release or otherwise disburse the funds requested by the County within ten (10) business days, unless the Receiver objects as set forth above. The County shall submit no more that one reimbursement notice per month. Upon confirmation from the County that restoration of the Property has been completed, any remaining Escrow Amount shall be released to the Receiver.

See Doc. No. 189-1, p. 2.

**IT IS SO ORDERED.**

Dated this 25th day of August, 2022.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court