# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States Securities and Exchange Commission, | ) **FINAL JUDGMENT AS TO** <br> ) **DEFENDANT NORTH DAKOTA** <br> ) **DEVELOPMENTS, LLC AND** |
| Plaintiff, | ) **RELIEF DEFENDANTS NORTH** <br> ) **DAKOTA DEVELOPMENTS** |
| vs. | ) **PROPERTY MANAGEMENT LLC,** <br> ) **GREAT AMERICAN LODGE LLC,** |
| North Dakota Developments, LLC, <br> Robert L. Gavin, and Daniel Hogan, | ) **NDD HOLDINGS 1 LLC,** <br> ) **NDD HOLDINGS 2 LLC,** <br> ) **NDD MODULAR LLC,** |
| Defendants, | ) **AUGUSTA EXPLORATION, LLC, AND** <br> ) **AMES ENGINEERING &** |
| and | ) **DEVELOPMENT SERVICES LLC** <br> ) |
| North Dakota Developments Property Management LLC, | ) <br> ) Case No. 4:15-cv-053 |
| Great American Lodge LLC, <br> NDD Holdings 1 LLC, <br> NDD Holdings 2 LLC, <br> NDD Modular LLC, <br> Augusta Exploration, LLC, and <br> Ames Engineering & Development Services LLC, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Relief Defendants. | ) |

The United States Securities and Exchange Commission having filed a Complaint and Defendant North Dakota Developments, LLC ("Defendant") and Relief Defendants North Dakota Developments Property Management LLC, Great American Lodge LLC, NDD Holdings 1 LLC, NDD Holdings 2 LLC, NDD Modular LLC, Augusta Exploration, LLC, and Ames Engineering & Development Services LLC ("Relief Defendants") having entered a general appearance; the Court-appointed receiver Gary Hansen ("Receiver"), acting on behalf of Defendant and Relief Defendants, having consented to the Court's jurisdiction over Defendant and Relief Defendants and

1

the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   (a)   to employ any device, scheme, or artifice to defraud;

   (b)   to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

   (c)   to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means

or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $25,096,339.12, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $261,649.77,

for a total of $25,357,989.89. Defendant is liable, jointly and severally with Relief Defendants, as follows:

  (i)  $2,415,806.54 in disgorgement and $12,127.30 in prejudgment interest jointly and severally with Relief Defendant North Dakota Developments Property Management LLC;

  (ii)  $250,000 in disgorgement and $2,470.32 in prejudgment interest jointly and severally with Relief Defendant Great American Lodge LLC;

  (iii)  $3,045,000 in disgorgement and $45,505.98 in prejudgment interest jointly and severally with Relief Defendant NDD Holdings 1 LLC;

  (iv)  $686,300 in disgorgement and $42,284.22 in prejudgment interest jointly and severally with Relief Defendant NDD Holdings 2 LLC;

  (v)  $500,555 in disgorgement and $6,234.10 in prejudgment interest jointly and severally with Relief Defendant NDD Modular LLC;

  (vi)  $1,930,240 in disgorgement and $43,660.38 in prejudgment interest jointly and severally with Relief Defendant Augusta Exploration, LLC; and

  (vii)  $507,548 in disgorgement and $6,321.19 in prejudgment interest jointly and severally with Relief Defendant Ames Engineering & Development Services LLC.

The Defendant's disgorgement obligation of $25,357,989.89 shall be offset by any disgorgement paid by Defendants Robert L. Gavin or Daniel J. Hogan pursuant to the final judgments entered against them (see Docs. No. 158, 160). Any offset due to payments from Defendants Gavin or Hogan shall not affect the joint and several liability Defendant owes with any of the Relief Defendants as

set forth above.

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant North Dakota Developments Property Management LLC is, jointly and severally with Defendant, liable for disgorgement of $2,415,806.54, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $12,127.30, for a total of $2,427,933.84.

VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Great American Lodge LLC is, jointly and severally with Defendant, liable for disgorgement of $250,000, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $2,470.32, for a total of $252,470.32.

VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant NDD Holdings 1 LLC is, jointly and severally with Defendant, liable for disgorgement of $3,045,000, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $45,505.98, for a total of $3,090,505.98.

VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant NDD Holdings 2 LLC is, jointly and severally with Defendant, liable for disgorgement of $686,300, representing net profits gained as a result of the conduct alleged in the Complaint,

together with prejudgment interest thereon in the amount of $42,284.22, for a total of $728,584.22.

IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant NDD Modular LLC is, jointly and severally with Defendant, liable for disgorgement of $500,555, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,234.10, for a total of $506,789.10.

X.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Augusta Exploration, LLC is, jointly and severally with Defendant, liable for disgorgement of $1,930,240, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $43,660.38, for a total of $1,973,900.38.

XI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Relief Defendant Ames Engineering & Development Services, LLC is, jointly and severally with Defendant, liable for disgorgement of $507,548, representing net profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $6,321.19, for a total of $513,869.19

XII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the Defendant and Relief Defendants' obligations to pay disgorgement and prejudgment interest shall be deemed satisfied by the assets collected by the Receiver, which will be set out in the Receiver's final report

to the Court.

The Defendant and Relief Defendants' liability to pay disgorgement and prejudgment interest is separate from, and in addition to, the liabilities for disgorgement, prejudgment interest, and civil penalties of defendants Daniel J. Hogan and Robert L. Gavin ("Individual Defendants"), established by the Default Judgments against the Individual Defendants issued by this Court on April 24, 2018. (Doc. Nos. 161, 162). The Receiver's distribution of funds collected during the course of the receivership and the Defendant and Relief Defendants' satisfaction of their obligation to pay disgorgement and prejudgment interest shall in no way reduce the Individual Defendants' liability for disgorgement, prejudgment interest, and civil penalties.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment.  Defendant shall pay post judgment interest on any amounts due after 30 days of entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

XIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

XIV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Order Granting Plaintiff's Motion for Preliminary Injunction and Appointment of Receiver, Asset Freeze, and Other Equitable Relief entered by the Court on May 18, 2015 (Doc. No. 20) shall remain in full force and effect as to the Defendants and Relief Defendants following entry of the Final Judgment, and will remain in full force and effect until such time as the Court terminates the receivership in the above-entitled matter, after the Receiver's completion of his final distribution and the Receiver's submission and Court approval of the Receiver's final report and accounting.

**IT IS SO ORDERED.**

Dated this 1st day of June, 2023.

                                        */s/ Daniel L. Hovland*
                                        Daniel L. Hovland, District Judge
                                        United States District Court